**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JED WESLEY NORTON,

    Plaintiff,

vs.                                        CASE NO. 3:11-cv-126-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

       This case is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated August 2, 2011 (Doc. #14). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

**I. Procedural History**

       Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning February 1, 2008, an amended onset date (Tr. 29, 138-48). Plaintiff's applications were denied initially and upon reconsideration (Tr. 74-81). Plaintiff requested an administrative hearing, which was held

on November 17, 2010 (Tr. 26-72). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on August 3, 2009 (Tr. 12-25). Plaintiff filed a request for review, which the Appeals Council denied on January 14, 2011 (Tr. 1-4). Plaintiff filed the instant action in federal court on February 11, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.[1] *See* 20 C.F.R. §§ 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through September 30, 2012 (Tr. 17). At step one of the sequential

---

[1] First, if a claimant is engaging in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from performing his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2008, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff suffered from the severe impairments of degenerative joint disease of the left knee, status post reconstructive surgery, neuropathic pain in the left leg, hypertension, and diabetes mellitus, II under fair control. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). At step four, the ALJ found Plaintiff had the residual functional capacity

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is able to occasionally lift 20 pounds and frequently lift and carry 10 pounds. He is able to stand or walk for two hours with a cane out of an eight hour workday with normal breaks. He is able to sit for six hours in an eight hour workday with normal breaks. He has limited use of his lower extremities. He is able to use his left leg occasionally for foot pedals. He must never use ladders, ropes or scaffolds. He may occasionally climb ramps and stairs. He may occasionally balance, stoop, kneel, crouch and crawl. He must avoid even moderate exposure to hazards including machinery and heights.

*Id.* Considering this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a tractor trailer driver, security guard, and general supervisor (Tr. 23). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including personnel clerk and information clerk (Tr. 24). Therefore, the ALJ found that Plaintiff was not under a disability since February 1, 2008, the alleged onset date. *Id.*

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence.  *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence

to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### IV. Whether the ALJ framed an appropriate hypothetical to the vocational expert

Plaintiff's first argument on appeal is that the ALJ erred as a matter of law by finding Plaintiff can perform light work[3] when Plaintiff's RFC (as determined by the ALJ) reflects Plaintiff is only capable of performing work at the sedentary[4] exertional level. Specifically, Plaintiff contends the ALJ's RFC assessment is incorrect because he stated Plaintiff was capable of light work, and the specific standing and walking limitations in his RFC determination are sedentary in nature. Plaintiff does not actually challenge the limitations

---

[3] Light work requires the ability to lift and carry twenty pounds occasionally and up to ten pounds frequently, sitting up to six hours of an eight-hour workday, and standing/walking six or more hours in an eight-hour workday. 20 CFR 404.1567(b); *see also* SSR 83-10, 1983 WL31251, at *5 (S.S.A. Nov. 30, 1982).

[4] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally (approximately two hours in an eight-hour workday) and other sedentary criteria are met. 20 CFR 404.1567(a); *see also* SSR 83-10, 1983 WL31251, at *5.

contained in the residual functional capacity, only the ALJ's labeling of this RFC as permitting the performance of "light work." As stated herein, the undersigned is not persuaded by this argument.

The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite the claimant's impairments. 20 C.F.R. § 404.1545. The RFC is defined in the regulations as what an individual "can still do despite [his or her] limitations." *Id.* If a clamaint's RFC precludes him from performing a full range of work at a particular exertional level (i.e., sedentary, light or medium work), the ALJ will usually consult a vocational expert to determine if there are jobs he can do despite his limitations. *Jones v. Comm'r of Soc. Sec.*, 423 Fed. Appx. 936 (11th Cir. 2011)[5] (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). If the ALJ consults a VE, the VE's testimony will constitute substantial evidence if the ALJ poses a hypothetical question that comprises all of the claimant's impairments. *Id.* (internal quotations omitted). When the ALJ relies on the testimony of a VE, "the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posed to the VE" rather than the RFC simply cited in the ALJ's decision. *Corbitt v. Astrue*, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (citing *Dowell v. Barnhart*, NO. 06-1023-WEB, 2006 WL 4046164, at *3 (D. Kan. Oct. 31, 2006)).

In this case, the ALJ provided the VE with the relevant functional limitations in his hypothetical question (Tr. 65-66). Specifically, the ALJ incorporated Plaintiff's found RFC

---

[5] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Additionally, unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

6

limitations into the hypothetical question he posed to the VE. *Id.* In response to the hypothetical question, the VE testified Plaintiff could perform the positions of personnel clerk and information clerk (Tr. 67).

Thus, even if the ALJ was incorrect in stating Plaintiff was capable of light work (rather than sedentary work), the error was harmless because the VE nevertheless identified positions that Plaintiff could perform based on his residual functional capacity. Therefore, said putative error would not change the outcome of this case. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (the court found that an ALJ's mischaracterization of claimant's past work was harmless error when the mistake did not affect the ultimate outcome of the disability determination); *see also Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (procedural perfection in the administrative proceedings is not required and the court will not vacate a judgment unless substantial rights of a party have been affected); *Kennedy v. Astrue*, No. 3:07-cv-1136-J-TEM, 2009 WL 860463, at *3 (M.D. Fla. Mar. 30, 2009) ("Even if the ALJ was incorrect in stating Plaintiff was capable of a reduced range of light work (rather than sedentary work) the error was harmless because the VE nevertheless stated Plaintiff could perform his past relevant work . . . .").

### V. Whether the ALJ properly discounted the opinion of Plaintiff's treating physician

Plaintiff's second argument is that the ALJ improperly discounted the opinion of his pain management physician, Dr. Perry Cole. As stated herein, the undersigned is not persuaded by this argument.

Plaintiff visited Dr. Cole for an initial evaluation on January 18, 2007 (Tr. 680-82). Following a physical evaluation, Dr. Cole noted, "The patient is currently employable in a

sedentary position with a sedentary job" (Tr. 682). Dr. Cole prescribed Lyrica and directed Plaintiff to continue Duragesic and follow up in three weeks "to discuss the efficacy of medications." *Id.* On March 1, 2007, Plaintiff reported the Duragesic and Lyrica were working well to control his pain (Tr. 679). Dr. Cole added Zanaflex to control muscle spasms. *Id.* On March 26, 2007, Dr. Cole lowered the dosage of Lyrica because it was causing unwanted side effects (Tr. 678). On April 23, 2007, Dr. Cole reported Plaintiff was tolerating the lower dosage of Lyrica with "significant pain relief" and indicated the Duragesic patch and Zanaflex were working well to control the neuropathic pain as well as muscle spasticity (Tr. 677). Dr. Cole noted Plaintiff had undergone a functional capacity evaluation ("FCE") that stated he could "continue to tolerate light sedentary work." *Id.* On August 2, 2007, Dr. Cole reported Plaintiff "continues to get good pain relief" from his medical regime (Tr. 672). He again noted Plaintiff had an FCE completed by Dr. Hardy, "who stated the patient was sedentary at best." *Id.* Dr. Cole then stated, "In my estimation, the patient is unemployable." *Id.*

On October 12, 2007, Dr. Cole noted he agreed that the FCE performed by Dr. Hardy was "adequate" (Tr. 670). Dr. Cole believed Plaintiff would benefit "from spinal cord stimulation trial to ascertain whether or not stimulating the left leg will significantly decrease the pain he experiences and thus be able to wean him off the rather large dose of Duragesic he is currently requiring to control his neuropathic pain." *Id.* Dr. Cole found that if he did not do the spinal cord stimulation, Plaintiff would likely

> develop a worsening chronic pain syndrom with neuropathic components that will be more difficult to treat with the modalities that are available to us today. The patient will continue on a high dose of opiates so he is not in agony, and the patient will continue to be nonfunctional because of the amount of medication he is taking. He will continue to be unemployable. I feel as

8

>though the patient's best shot for an increase in function is to proceed with the spinal cord stimulation therapy.

*Id.* Dr. Cole then stated, "As an anesthesiologist that treats pain, I am not trained in assigning permanent disability. However, I can make a medical judgment, which at this time I feel would be the patient is unemployable" (Tr. 671).

A treating physician's testimony must be given substantial or considerable weight unless good cause is shown to the contrary. *Lewis*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards*, 937 F.2d at 583. If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. *See* 20 C.F.R. § 404.1527(d)(2).

An ALJ may discount the opinion of a treating physician where there is good cause to do so. *See, e.g., Winschel*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). "Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court cannot "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed. Appx. 741, 743 (11th Cir. 2008).

Here, the ALJ gave "little weight" to Dr. Cole's opinion that Plaintiff was "unemployable" because: (1) his opinion was not well supported by clinical and laboratory diagnostic techniques; (2) his opinion was inconsistent with the opinion of Plaintiff's other

9

treating physician, Dr. Philip Hardy; and (3) his opinion was not supported by his own treatment records. The ALJ stated Dr. Cole's assessment appeared to be based on the level of pain Plaintiff reported without any independent clinical techniques. The ALJ also found Dr. Cole's opinion to be inconsistent with the opinion of Dr. Hardy, Plaintiff's orthopaedic surgeon.[6] Dr. Hardy submitted a medical status report that stated Plaintiff could do light work, lifting twenty pounds maximum with frequent lifting and/or carrying of objects weighing up to ten pounds, and Plaintiff could alternate sitting, standing, and limited walking (Tr. 346).[7] This report was completed ten days after Dr. Hardy conducted a functional capacity evaluation of Plaintiff (Tr. 349-54). In his treatment records, Dr. Cole described the FCE as "adequate" (Tr. 672). Nonetheless, Dr. Cole determined Plaintiff was unemployable (Tr. 671-72). The ALJ noted Dr. Cole had only treated Plaintiff for nine months, whereas Dr. Hardy had treated Plaintiff for several years. The ALJ also found Dr. Cole's opinion was not supported by his own treatment records. In January 2007, Dr. Cole found Plaintiff capable of performing sedentary work (Tr. 682). Although subsequent records indicated Plaintiff was getting "significant pain relief" from his medications, Dr. Cole

---

[6] The ALJ gave Dr. Hardy's opinion "controlling weight" because he was the claimant's treating physician for several years, and his opinion was consistent with his treatment records and with the greater weight of the evidence (Tr. 21).

[7] The Court notes Dr. Hardy's opinion is consistent, and Dr. Cole's opinion is inconsistent, with other opinion evidence of record, including the opinion of state agency non-examining consulting physician Dr. Reuben Brigety, who found Plaintiff could perform a reduced range of light work. Prior to rendering his opinion, Dr. Brigety reviewed the medical record, including Dr. Hardy's opinion from April 23, 2007, and Dr. Cole's report regarding Dr. Hardy's FCE (Tr. 709). Dr. Brigety also reviewed the consultative exam performed on March 28, 2008 by Dr. William Choisser and Dr. Lily Rocha (Tr. 702-706). The ALJ gave Drs. Choisser and Rocha's opinion "substantial weight" and Dr. Brigety's opinion "significant weight" because they were consistent with the greater weight of the evidence (Tr. 22).

found Plaintiff to be "unemployable" in October 2007. (Tr. 672, 677, 679). Finally, the ALJ noted Plaintiff's pain was only treated conservatively with medication and only for nine months.[8] Conservative treatment can provide a basis to support an ALJ's finding of not disabled. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

The undersigned finds substantial evidence supports the ALJ's decision to give "little weight" to Dr. Cole's opinion. "A doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion." *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 834 (11th Cir. 2011) (citing 20 C.F.R. § 404.1527(e)); *see also Miles v. Soc. Sec. Admin., Comm'r*, 469 Fed. Appx. 743, 2012 WL 851755, at *2 (11th Cir. 2012) ("[A] medical source's statement that a claimant is 'unable to work' or 'disabled' does not bind the ALJ, who alone makes the ultimate determination as to disability under the regulations."). It is clear from the ALJ's decision that he considered Dr. Cole's opinion that Plaintiff was "unemployable," and articulated several reasons why he was giving the opinion "little weight." The reasons given by the ALJ are supported by the record.

## VI. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk of the Court is

---

[8] The ALJ also noted Plaintiff did not return to Dr. Cole for pain management after his October 2007 visit despite Dr. Cole's recommendations for treatment, and there were no further medical records showing Plaintiff had received treatment for his knee (Tr. 23).

11

directed to enter judgment consistent with this ruling and, thereafter, to close the file.  Each party shall bear its own fees and costs.

**DONE AND ENTERED** at Jacksonville, Florida, this 7th day of September, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record